**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FILED**
September 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: sec
DEPUTY

TAU CETI VENTURES LLC,

Plaintiff

v.

HP INC.

Defendant

Civil Action No. 1:26-cv-00716-RP

**JURY TRIAL DEMANDED**

# AGREED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. The party asserting claims for relief shall submit a written offer of settlement to opposing party on or before **January 8, 2027**, and each opposing party shall respond, in writing, on or before **February 8, 2027**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of trial.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **October 2, 2026**.

3. The parties shall serve initial disclosures on or before **October 2, 2026**. Aside from the documents to be produced as part of the preliminary infringement and invalidity contentions, the parties shall not be required to provide discovery until one business day after the Court issues its *Markman* order, except as set forth below in Paragraph 8. To the extent it may promote early resolution, however, the parties may exchange license and sales information.

4. **Infringement Contentions.** On or before **October 2, 2026**, Plaintiff shall serve a disclosure of asserted claims where such asserted claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for the patent-in-suit. To the extent Plaintiff seeks to amend its contentions to add additional patent claims, Plaintiff must seek leave of Court and establish good cause to amend. To the extent Plaintiff seeks to amend its contentions, Plaintiff must seek leave of Court and establish good cause to amend.

5. **Invalidity Contentions.** On or before **December 18, 2026**, HP shall serve its preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. HP shall also include an identification of any limitations that HP contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that HP contends are directed to ineligible subject matter under 35 U.S.C. § 101. HP shall produce all prior art referenced in the invalidity contentions. To the extent HP seeks to amend its contentions, HP must seek leave of Court and establish good cause to amend.

6. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **January 22, 2027**.

7. The following schedule shall apply to claim construction proceedings in this case:

   a. On or before **January 22, 2027**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim

element a party contends should be governed by 35 U.S.C. § 112(f).

b. On or before **February 5, 2027**, the parties shall concurrently exchange proposed constructions.

c. On or before **February 12, 2027**, the parties shall exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions. With respect to any expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

d. On or before **February 19, 2027**, the parties shall meet and confer to narrow the terms in dispute.

e. On or before **March 19, 2027**, HP shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be **20 pages**, excluding the caption, signature block, any certificate, and exhibits.

f. On or before **April 9, 2027**, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be **20 pages**, exclusive of the caption, signature block, any certificate, and exhibits.

g. On or before **April 23, 2027**, HP shall file its Reply Claim Construction Brief with supporting evidence. The page limit for the Reply Claim Construction Brief shall be **10 pages**, exclusive of the caption, signature block, any certificate, and exhibits.

h. On or before **May 7, 2027**, Plaintiff shall file its Sur-Reply Claim Construction Brief with supporting evidence. The page limit for the Sur-Reply Claim Construction Brief shall be **10 pages**, exclusive of the caption, signature block, any certificate, and exhibits.

i. On or before **June 4, 2027**, the parties may submit optional technical tutorials to the Court.

j. The Court shall hold a claim construction hearing on **June 14, 2027**.

8. Fact discovery as between the parties shall be stayed until one business day after the *Markman* order, except that the parties shall produce the documents set forth in Paragraphs 4 and 5 above with their respective infringement and invalidity contentions. Further, to the extent it may promote early resolution, the parties may exchange license and sales information.

9. The parties shall serve their Final Infringement and Invalidity Contentions on or before **November 11, 2027**, which is estimated to be **eight (8) weeks after the Court's issuance of its claim construction order**. After that date, leave of Court based on good cause is required for any amendment to final infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to timely amend if new information is identified after initial contentions.

10. The parties shall complete fact discovery on or before **May 18, 2028**, which is estimated to be **eight (8) months after the Court's issuance of its claim construction order.**

11. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., burden of proof expert reports) on or before **June 1, 2028**, which is

estimated to be **two (2) weeks after the close of fact discovery**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., rebuttal expert reports) on or before **June 29, 2028**, which is estimated to be **four (4) weeks after the burden of proof expert reports**.

12. The parties shall complete expert discovery on or before **July 27, 2028**, which is estimated to be **four (4) weeks after service of the rebuttal expert reports.**

13. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, on or before **August 10, 2028**, which is estimated to be **fourteen (14) days after the close of expert discovery**. Each motion shall be limited to **10 pages**, and the parties are allowed one motion per expert. Each response shall be filed and served on all other parties not later than 14 days after the service of the motion(s) and each response shall be limited to **10 pages**. Each reply shall be filed and served on all other parties not later than 7 days after the service of the response and each reply shall be limited to **5 pages**.

14. All dispositive motions shall be filed on or before **August 24, 2028**, which is estimated to be **four (4) weeks after the close of expert discovery** and shall be limited to **20 pages**. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to **20 pages**. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to **10 pages**, but the Court need not wait for the reply before ruling on the motion.

15. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

16. This case is set for jury trial commencing at **9:30 a.m. on February 5, 2029**. Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.

17. The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

**SIGNED** on September 28, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE